**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA



| | |
|---|---|
| LEE ROY TRIVINO, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSE PAVING, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10886-WLH-MAR<br><br>**ORDER RE MOTION TO REMAND [15]** |

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion") (Mot. to Remand ("Mot."), Dkt. No. 15), Defendant Rose Paving, LLC's Opposition (Opp'n, Dkt. No. 26) and Plaintiff's Reply (Reply, Dkt. No. 28). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 13 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for January 30, 2026, is **VACATED**, and the matter taken off calendar. For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to the Superior Court of Los Angeles County for further proceedings.

## I.    BACKGROUND

On September 29, 2025, Plaintiff Lee Roy Trivino ("Plaintiff") filed a class action complaint in the Superior Court of Los Angeles County, alleging violations of the California Labor Code and California's Unfair Competition Law ("UCL") related to Defendants' (1) failure to pay overtime wages, (2) failure to pay minimum wages, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) failure to pay all wages due upon termination, (6) failure to provide accurate wage statements, (7) failure to timely pay wages during employment and (8) failure to indemnify pursuant to California Labor Code § 2802.  (*See generally* Ex. 1 to Declaration of Kenneth M. Jones re Notice of Removal ("Complaint"), Dkt. No. 2-1).  Plaintiff is a former foreman and laborer of Defendant Rose Paving, LLC ("Defendant"), employed from approximately July 2017 to April 2025.  (Compl. ¶ 2).  Plaintiff brings the suit on behalf of himself and a putative class[1] of "all other current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."  (*Id.* ¶ 26).  Plaintiff seeks to recover "overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, other such provisions of California law, and reasonable attorneys' fees and costs."  (*Id.* ¶ 24).

On November 13, 2025, Defendant removed the case to federal court, invoking this Court's diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.  (Notice of Removal, Dkt. No. 1; *see also* 28 U.S.C. § 1332).  In support of Defendant's Notice of Removal, Defendant submitted a declaration of counsel Kenneth M. Jones, who attested to the details of wages rates, pay statements, and other employment data of Plaintiff based his personal

---

[1] Plaintiff estimates the putative class to consist of seventy-five (75) current and former employees of Defendant.  (*See* Compl. ¶ 29).

2

knowledge and information and belief, outlining several wage rates and . (Jones Decl., Dkt. No. 2).  Based on this declaration, Defendant outlined several assumptions related to damages estimates and Plaintiff's recovery of attorneys' fees to meet the amount in controversy requirement.  (*See generally* Notice of Removal).  Defendant estimated the damages associated with each of Plaintiff's claims as follows:

Count I: Overtime $11,169.76

Count II: Minimum Wage $9,738.00

Count III: Meal Periods $7,446.50

Count IV: Rest Periods $7,446.50

Count V: Termination Wages $6,450.03

Count VI: Wage Statements $1,350.00

Count VII: Late Payment of Wages $3,726.50

Count VIII: Reimbursement of Cell Phone Plan $3,175.00

**Total:** $50,502.29

(*Id.* at 9-10).  Defendant additionally asserts that "Plaintiff is certain to incur at least $75,000.00 in attorneys' fees alone, let alone the less than $25,000 difference between [Defendant's] conservative estimate of Plaintiff's monetary damages and the $75,000 threshold."  (*Id.* at 10).

On December 8, 2025, Plaintiff filed the instant Motion.  (*See generally* Mot.).  Defendant filed a timely opposition brief (Dkt. No. 26) to which Plaintiff timely replied.  (Dkt. No. 28).

II.  **LEGAL STANDARD**

Removability of an action to federal court is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).  The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83, 89 (2014).  Where the plaintiff contests the removing defendant's

3

allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 82. "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs.*, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant "must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)). A defendant's assumptions, however, "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

## III.    DISCUSSION

The disposition of this Motion hinges on whether the action meets the $75,000 amount in controversy requirement of 28 U.S.C. § 1332, the federal statute authorizing this Court's diversity jurisdiction. The parties do not dispute that the parties are diverse, the other essential statutory requirement.

Because Defendant invoked this Court's diversity jurisdiction, the amount in controversy is to be determined based on Plaintiff's claims rather than those of the putative class. *See Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount."); *see also Watts v. Sagora Senior Living, Inc.*, No. 2:24-CV-02009-TLN-JDP, 2024 WL 4752443, at *2 (E.D. Cal. Nov. 12, 2024). As such, the Court does not consider in its analysis any potential class-wide damages.

## A. <u>Attorney's Fees Calculations Are Dispositive of This Motion</u>

It is well-established that attorneys' fees are properly included in calculations of the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). At the outset, the Court finds the issue of attorneys' fees dispositive of this remand motion—consistent with the Ninth Circuit's guidance on the treatment of attorneys' fees in cases alleging claims with fee-shifting statutes—like the California Labor Code—that award fees to "prevailing" or "successful parties." Here, Defendant seeks to cushion their estimate of approximately $50,000 in statutory damages with a predicted $25,000+ award in attorneys' fees. (*See* Notice of Removal at 10-11). But such an assertion wholly disregards the *pro rata* formula applicable to class actions of this type, namely those pursued via diversity jurisdiction. Accordingly, the Court finds Defendant, in this contested removal posture, fails to meet their burden to demonstrate that the attorneys' fees calculation eclipses the amount in controversy requirement in diversity cases.

First, Defendant's reliance on a purported comparator case in California state court, *Cruz v. Fusion Buffet, Inc.*, 57 Cal. App. 5th 221, 228, 271 Cal. Rptr. 3d 269, 274 (2020), to justify its attorneys' fees calculations serves only to distract from the actual governing law. Moreover, that case is an inappropriate comparison, as it centered on the plaintiff's *individual* wage and hour claims and was devoid of any class allegations, whereas here the Complaint contains class allegations. Within the Ninth Circuit, the determination of attorneys' fees in class actions alleging California Labor Code violations warrants a more nuanced calculation. Specifically, in class actions involving claims "[w]here an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, attorneys' fees are authorized (and thus can be utilized in calculating the amount in

controversy) pursuant to the California Labor Code. *See, e.g.,* Cal. Lab. Code §§ 218.5, 1194.[2]

Because the statutory schemes underlying Plaintiff's claims do not authorize attorneys' fees to be awarded "*solely* to the named plaintiffs in a class action [by the authorizing statute], they [ ] cannot be allocated solely to those plaintiffs for purposes of amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001). The statute at issue in *Gibson*—Cal. Civ. Proc. Code § 1021.5—provided for fees "to a successful party," which the court interpreted to mean that attorney's fees were awarded to the entirety of the class. *Id.* Interestingly, this provision is one of the primary statutes under which Plaintiff seeks to recover attorneys' fees. (*See, e.g.*, Compl. ¶¶ 42, 48, 56). The other relevant authorizing statutes here permit fees for "the prevailing party." *See,* e.g., Cal. Lab. Code § 218.5.

This Court considers "successful party" and "prevailing party" to be synonymous in this situation based on the plain meaning of the words. This comports with the Ninth Circuit's and other district courts' interpretation of similar language regarding attorneys' fees awards. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (A "prevailing plaintiff" was considered to require division among all class members); *see also Magee v. Iconix Waterworks (US) Inc.*, No. 2:20-CV-00840-KJM-DB, 2020 WL 4188607, at *3 (E.D. Cal. July 21, 2020); *Perez v. WinnCompanies*, No. 14-cv-01497, 2014 WL 5823064, at *10 (E.D. Cal. 2014).

None of the relevant statutes here—including several California Labor Code and California Code of Civil Procedure provisions—appear to allow for attorneys' fees to be allocated solely to Plaintiff. Accordingly, the Court holds that attorneys' fees awarded under [these California statutes] must be divided among all members of the [] class for purposes of [calculating the] amount in controversy.*" Kanter v.*

---

[2] Plaintiff also cites to a number of these statutory provisions in their Complaint to justify their recovery of attorneys' fees. (*See* Compl. ¶¶ 42, 48, 56, 64, 72, 80, 87, 94).

*Warner–Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001); *see also Walker v. CorePower Yoga, LLC*, No. 12CV4-WHQ-DHB, 2013 WL 2338675, at *6 (S.D. Cal. May 28, 2013) (holding the same).  Defendant ultimately fails to meet their burden of demonstrating that the estimated attorneys' fees should *not* be divided by the number of putative class members.  *See Jauregui*, 28 F.4th at 993; *see also Kanter*, 265 F.3d at 858.

As for the precise denominator (the number of putative class members) in this calculation, Plaintiff estimates the putative class to include over seventy-five (75) employees or former employees of Defendants within the State of California. (Compl. ¶ 29).  Defendant leaves that assertion undisputed in both their removal papers and their Opposition.  (*See generally* Notice of Removal; Opposition).  Even if the Court accepted Defendant's estimated range of $40,000 to $75,000 in attorneys' fees (*see* Notice at 10-11), the relevant number for amount in controversy purposes ultimately pales in comparison.  Dividing $75,000 by seventy-five class members yields a mere $1,000 in fees per putative class member for achieving "prevailing" or "successful" party status.  *See Walker*, 2013 WL 2338675, at *6 (employing the same method of calculation to determine pro rata share of attorneys' fee for each putative class member).

With this finding, the Court declines to reach the several disputes between the parties over Defendant's proposed damages calculations stemming from Plaintiffs' causes of action.[3]  Applying this Circuit's binding precedent with respect to attorneys' fees calculations for meeting the amount in controversy requirement of 28 U.S.C. § 1332, Defendant falls significantly short of $75,000, even if the Court deemed

---

[3] Plaintiff, in their Motion, objects to the declaration of Kenneth M. Jones (*see* Jones Decl., Dkt. No. 2) on foundation grounds, contending that "no foundation was laid for any of his damages calculations or how they were reached and were based on baseless, and inaccurate assumptions." (Mot. at 4-5).  The Court understands Plaintiff's concerns, but it need not address the merits of that objection since the Court does not rely on those estimates or assumptions in its disposition of this Motion.

reasonable their assumptions underlying their more liberal estimate of $54,639.96 in damages. (*See* Opp'n at 21). Adding $1,000 in estimated attorneys' fees would yield an amount in controversy of close to $56,000—well below the applicable requirement.

Because Defendant bears the burden of proving that removal was proper, and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992), the Court must remand the instant action to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** the action to the Superior Court of Los Angeles County.

**IT IS SO ORDERED.**

Dated: January 28, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

8